UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re ELAN CORPORATION SECURITIES     :
LITIGATION                                                          :     **ORDER APPOINTING**
                                                                             :     **LEAD PLAINTIFF AND**
                                                                             :     **APPROVING LEAD COUNSEL**
                                                                             :
                                                                             :     Master File No. 1:08-cv-08761-AKH
This document relates to:  All Actions         :
-------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        On February 19, 2009, I held a hearing on the competing motions of the Tyne & Wear Pension Fund ("Tyne & Wear")[1] and Gary W. Kleinman to be appointed lead plaintiff of these consolidated securities cases, pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  I deferred decision, and ordered the movants to submit supplemental papers elaborating on their qualifications.  After they did so, Tyne & Wear moved for leave to file a surreply.  I grant the motion, and have considered the surreply alongside the opposition to the motion filed by Kleinman.

        In <u>Metro Servs., Inc. v. Wiggins</u>, 158 F.3d 162, 164 (2d Cir. 1998), the Court of Appeals outlined the lead plaintiff inquiry required by the Private Securities Litigation Reform Act (PSLRA):

> "The PSLRA provides that
>
> 'the court . . . shall appoint as lead plaintiff the member or
> members of the purported plaintiff class that the court determines
> to be most capable of adequately representing the interests of class
> members . . . .'  15 U.S.C. § 78u-4(a)(3)(B)(i).
>
> "The PSLRA further provides that, in selecting the lead plaintiff,
>
> 'the court shall adopt a presumption that the most adequate
> plaintiff . . . is the person or group of persons that--(a)(a) has either
> filed the complaint or made a motion [for designation as lead
> plaintiff]; (b)(b) in the determination of the court, has the largest

---

[1] The actual title of the movant is the Council of the Borough of South Tyneside Acting in Its Capacity as the Administering Authority of the Tyne and Wear Pension Fund.

1

>financial interest in the relief sought by the class; and (c)(c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.' Id. § 78u-4(a)(3)(B)(iii)(I).
>
>"Finally, this presumption may be rebutted
>
>'only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(a)(a) will not fairly and adequately protect the interests of the class; or (b)(b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.' Id. § 78u-4(a)(3)(B)(iii)(II)."

To determine which movant has the largest financial interest, "[t]he Court is to consider: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (i.e. the number of shares retained during the period); (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period.'" In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig., 08 M.D.L. (RWS), 2008 U.S. Dist. LEXIS 106327, at *26-*27 (S.D.N.Y. Jan. 5, 2009) (quoting Strougo v. Brantley Capital Corp., 243 F.R.D. 100, 104 (S.D.N.Y. 2007)).

Tyne & Wear appears to have a greater financial interest than Kleinman in the relief sought in these cases. It adopts the longer class period of the Senegal Complaint (May 21, 2007 through October 21, 2008), and claims that it purchased 411,257 shares of Defendant's stock, held those shares throughout the longer class period, and lost $4,236,002.68. Rosenfeld Aff. Exh. 2. Kleinman argues that only the shorter class period advanced by three other Complaints (June 17, 2008 through July 29, 2008) is plausible. See In re Centerline Holding Co. Sec. Litig., No. 08 Civ. 505 (SAS), 2008 U.S. Dist. LEXIS 36406, at *11-*12 (May 5, 2008) (suggesting "plausibility" standard). He claims that he bought and sold 4000 call options during the shorter period, that he bought 4000 call options during the period which he sold after the period, and that he lost $4,257,795.45. Kleinman Decl. ¶ 6; see Brower Decl. Exh. 2. I note,

however, that because $675,545 of Kleinman's claimed losses arise from call options sold before July 29, 2008, a more accurate figure of his total losses is $3,582,250.  See Brower Decl. Exh. 2; Tr. of Hr'g of Feb. 19, 2009, at 24.  Thus, the losses of Tyne & Wear likely exceed those of Kleinman, and even if they do not, the movants' losses are basically equal.  I do not find the claims which anchor the longer Senegal class period to be implausible, and I find that it is appropriate to use that more inclusive period for present purposes.  See In re Doral Fin. Corp. Sec. Litig., 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006).

       As for satisfying the requirements of Fed. R. Civ. P. 23, "[a]t this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met." In re Bear Stearns, 2008 U.S. Dist. LEXIS 106327, at *28.  Typicality exists where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992).  In assessing adequacy, the court should consider:  "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." In re Bear Stearns, 2008 U.S. Dist. LEXIS 106237, at *30 (citations omitted).

       Unlike Tyne & Wear, Kleinman traded exclusively in call options, not common stock or ADRs.  See Kleinman Decl. ¶ 6.  Kleinman is thus an atypical and inadequate plaintiff, as he would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict.  See Andrada v. Atherogenics, Inc., No. 05 Civ. 61 (RJH), 2005 U.S. Dist. LEXIS 6777, at *14-*15 (S.D.N.Y. Apr. 19, 2005) (finding options trader atypical and

inadequate for lead plaintiff purposes, and noting absence of cases "in which an option holder was deemed to be an appropriate lead plaintiff for an entire securities fraud class action"). Kleinman cites only distinguishable cases, many of which involve appointing an options trader as one of multiple class representatives, and none of which involves a single lead plaintiff that traded only in options, rather than both options and other securities. See, e.g., Tolan v. Computervision Corp., 696 F. Supp. 771 (D. Mass. 1988).

For the above reasons, I find that Tyne & Wear is the most adequate plaintiff under the PSLRA. Kleinman argues that it has rebutted the most adequate plaintiff presumption by submitting proof that Tyne & Wear is vulnerable to a unique subject matter jurisdiction defense that applies to "foreign-cubed" securities class actions, that is, actions in which "a set of 1) foreign plaintiffs is suing 2) a foreign issuer in an American court for violations of American securities laws based on securities transactions in 3) foreign countries." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 172 (2d Cir. 2008). Here, Defendant is an Irish company, and Tyne & Wear is an English municipal pension fund which bought stock on the Dublin Exchange. 2d Moore Decl. ¶ 4. However, the Court of Appeals in Morrison did not bar jurisdiction over "foreign-cubed" actions, but rather held that jurisdiction depends on where the conduct comprising the alleged violations occurred, and whether that conduct affected United States markets. Id. at 175-77. Here, the Complaints allege various misrepresentations, in press releases and conference calls, which emanated from within the United States, and allege ample effects in the United States, where most of Defendant's securities are traded as ADRs. See Tyne & Wear's Mem. in Opp'n to Gary Kleinman's Suppl. Submission, at 5-6.

Accordingly, I appoint Tyne & Wear lead plaintiff of these consolidated cases, and approve its choice of counsel, the firm of Coughlin Stoia Geller Rudman & Robbins LLP. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The clerk shall mark the motions (Docs. ## 3, 7, 10, 13, & 41) as terminated.

SO ORDERED.

Dated:   May 8, 2009
         New York, New York

                                              /s/ Alvin K. Hellerstein
                                              ALVIN K. HELLERSTEIN
                                              United States District Judge

5