UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re ELAN CORPORATION SECURITIES LITIGATION | : : : : | Master File No. 1:08-cv-08761-AKH |
| This Document Relates To:    ALL ACTIONS. | : : : : | |

PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO STRIKE

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..................................................................................................................1

II.   ARGUMENT .......................................................................................................................2

    A.   Plaintiffs' Motion to Strike Is Not Procedurally Defective...................................2

    B.   The Fraud on the Market Presumption Does Not Justify Defendants' Submission of the Challenged Documents............................................................4

    C.   Exhibits A, E, I, K, Z, AA and BB Are Not Integral to the Complaint ..................6

    D.   Because the Disputed Exhibits Are Not Essential to the Complaint, the Court May Not Take Judicial Notice of Them......................................................8

III.   CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

Page

**CASES**

*Arnlund v. Smith*,
  210 F. Supp. 2d 755 (E.D. Va. 2002) ................................................................................ 6

*Basic Inc. v. Levinson*,
  485 U.S. 224 (1988) ...................................................................................................... 4, 5

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ........................................................................................................ 3, 7

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) ............................................................................................. 7

*City of Livonia Employees' Ret. Sys. v. Essner*,
  No. 07 Civ. 10329(RJS), 2009 WL 1809984
  (S.D.N.Y. June 25, 2009) ................................................................................................. 3

*Cortec Indus., Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991) ............................................................................................... 7

*Ganino v. Citizens Utils. Co.*,
  228 F.3d 154 (2d Cir. 2000) ............................................................................................. 5

*Greenberg v. Crossroads Sys., Inc.*,
  364 F.3d 657 (5th Cir. 2004) ............................................................................................ 5

*In re Alstom SA Sec. Litig.*,
  406 F. Supp. 2d 402 (S.D.N.Y. 2005) .............................................................................. 8

*In re Bausch & Lomb, Inc. Sec. Litig.*,
  No. 01-CV-6190-CJS, 2003 WL 23101782
  (W.D.N.Y. Mar. 28, 2003) ............................................................................................ 3, 9

*In re Cree, Inc. Sec. Litig.*,
  333 F. Supp. 2d 461 (M.D.N.C. 2004) ............................................................................. 5

*In re HealthSouth Corp. Sec. Litig.*,
  No. CV-98-J-2634-S, 2000 WL 34211319
  (N.D. Ala. Dec. 13, 2000) ................................................................................................. 5

*In re Initial Public Offering Sec. Litig.*,
  174 F. Supp. 2d 61 (S.D.N.Y. 2001) ................................................................................ 3

**Page**

*In re OPUS360 Corp. Sec. Litig.*,
   No. 01 Civ. 2938(JGK)(JCF), 2002 WL 31190157
   (S.D.N.Y. Oct. 2, 2002) ................................................................................................. 3, 8, 9

*In re OSI Pharms., Inc. Sec. Litig.*,
   No. 2:04-CV-05505 (JS) (WDW), slip op. at 15
   (E.D.N.Y. Mar. 31, 2007) ........................................................................................................ 9

*In re Salomon Analyst Winstar Litig.*,
   No. 02 Civ. 6171 (GEL), 2006 WL 510526
   (S.D.N.Y. Feb. 28, 2006) ....................................................................................................... 10

*In re Scholastic Sec. Litig.*,
   No. 97 Civ. 2447(JFK), 1998 WL 560052
   (S.D.N.Y. Sept. 1, 1998) .......................................................................................................... 3

*Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*,
   432 F. Supp. 2d 571 (E.D. Va. 2006) ...................................................................................... 6

*J/H Real Estate Inc. v. Abramson*,
   901 F. Supp. 952 (E.D. Pa. 1995) ....................................................................................... 3, 9

*Kramer v. Time Warner Inc.*,
   937 F.2d 767 (2d Cir. 1991) ............................................................................................. 9, 10

*Link v. Wabash R. Co.*,
   370 U.S. 626 (1962) ................................................................................................................ 3

*Padnes v. Scios Nova, Inc.*,
   No. C 95-1693 MHP, 1996 WL 539711
   (N.D. Cal. Sept. 18, 1996) ....................................................................................................... 5

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007) ............................................................................................*passim*

*Sahu v. Union Carbide Corp.*,
   548 F.3d 59 (2d Cir. 2008) ...................................................................................................... 7

*U.S. v. Int'l Longshoremen's Ass'n*,
   518 F. Supp. 2d 422 (E.D.N.Y. 2007) ..................................................................................... 9

**Page**

**STATUTES, RULES AND REGULATIONS**

Federal Rule of Civil Procedure

    Rule 7(b) ...................................................................................................................2
    Rule 12(b)(6) ............................................................................................................8
    Rule12(f) ..................................................................................................................2

Lead Plaintiff The Council of the Borough of South Tyneside Acting in Its Capacity as the Administering Authority of the Tyne & Wear Pension Fund and Plaintiff Plumbers & Steamfitters Local 773 Pension Fund (together, "Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion to strike certain exhibits and internet sources referenced in the Memorandum of Law in Support of the Elan Defendants' Motion to Dismiss the Consolidated Complaint, dated December 11, 2009.[1]

## I. INTRODUCTION

Although Defendants contend that Plaintiffs, through their motion to strike, "seek to blind this court to public statements of Elan quoted in the Complaint" (Def. Mem. at 2), that is flatly untrue. Plaintiffs have not moved to strike any document quoted (or even cited) in the Complaint. Indeed, 26 of the 28 documents to which Plaintiffs have *not* objected are quoted or cited in the Complaint. *See* Exhibits B, C, D, F, G, H, J, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, CC, DD, EE, FF and GG.[2] By contrast, ***none*** of the 11 exhibits to which Plaintiffs ***do*** object are quoted, cited, or in any way referred to or relied upon in the Complaint. *See* Exhibits A, E, I, K, Z, AA, BB, HH, II, JJ and MM.[3] As discussed in Plaintiffs' opening memorandum of law and below, Second Circuit law is quite clear that such documents are not properly considered on a motion to dismiss.

---

[1] As used herein, "Defendants" refers to Defendants Elan Corporation, plc, G. Kelly Martin, and Lars Ekman. "Complaint" refers to Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws. "Def. Mem." refers to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Strike.

[2] The other two exhibits to which Plaintiffs have not objected, Exhibits KK and LL, represent historical stock price information for Wyeth and Elan.

[3] That is also true of the website references Plaintiffs have moved to strike: none of those websites are cited in the Complaint.

Nonetheless, Defendants contend that the Court may consider *all* the exhibits they submitted. In support of that argument, Defendants argue: (1) that Plaintiffs' motion to strike is procedurally defective (Def. Mem. at 4); (2) that Plaintiffs' invocation of the fraud on the market presumption means the Court may consider the entire "public record" – that is, "all publicly available information known to the market during the relevant time period" (Def. Mem. at 1, 2, 3, 6, 7 and 10); (3) that numerous of the disputed exhibits are "integral" to the Complaint and therefore should be available to the Court; and (4) that all the disputed exhibits are "properly subject to judicial notice" and therefore appropriate on a motion to dismiss (Def. Mem. at 7, 8 and 9).

Because, as discussed below, each of these arguments is wrong as a clear matter of fact or law, the Court should grant Plaintiffs' motion in its entirety.

## II. ARGUMENT

### A. Plaintiffs' Motion to Strike Is Not Procedurally Defective

Citing Federal Rule of Civil Procedure 12(f), which governs motions to strike inappropriate matter from a pleading, Defendants argue that the Motion to Strike is "procedurally defective" because it is aimed not at a pleading, but at materials Defendants submitted in support of their motion to dismiss. *See* Def. Mem. at 4 ("Plaintiffs' motion to strike, improperly directed at Defendants' Motion to Dismiss, must therefore be denied."). In fact, Plaintiffs do not base the Motion to Strike on Rule 12(f), which they do not even cite, but on the general rule governing motions, Rule 7(b), and on this Court's inherent authority to control its docket and fashion appropriate relief. *See* Notice of Plaintiffs' Motion to Strike (Docket No. 58) (citing only Rule 7(b), not Rule 12(f)). Thus, any argument based on Rule 12(f) is a complete non-sequitur.

Stripped of its Rule 12(f) trappings, Defendants' argument is this: even if they submitted material in support of their motion to dismiss that is impermissible under Second Circuit law, this Court lacks any "procedural basis" to strike that improper material because there is no rule

specifically authorizing such relief. Def. Mem. at 4. But this Court's hands are not so tied. It is well established that federal district courts have the inherent authority to manage the cases before them, including the authority to fashion appropriate relief when confronted with impermissible conduct. *See*, *e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 44-45 (1991) (a federal court's inherent powers – including the power to "fashion an appropriate sanction [such as the imposition of attorneys' fees] for conduct which abuses the judicial process" – "are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)); *In re Initial Public Offering Sec. Litig.*, 174 F. Supp. 2d 61, 68 (S.D.N.Y. 2001) ("this Court has the inherent authority 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Chambers*, 501 U.S. at 43).

Exercising this inherent authority, federal district courts in New York (and elsewhere) have frequently entertained and granted motions to strike matter outside the pleadings submitted by defendants on a motion to dismiss. *See*, *e.g.*, *City of Livonia Employees' Ret. Sys. v. Essner*, No. 07 Civ. 10329(RJS), 2009 WL 1809984, at *2, *3 (S.D.N.Y. June 25, 2009) (granting in part plaintiffs' motion to strike certain news articles submitted by defendants); *In re Bausch & Lomb, Inc. Sec. Litig.*, No. 01-CV-6190-CJS, 2003 WL 23101782, at *17 (W.D.N.Y. Mar. 28, 2003) (striking conference call transcript); *In re OPUS360 Corp. Sec. Litig.*, No. 01 Civ. 2938(JGK)(JCF), 2002 WL 31190157, at *1 n.3 (S.D.N.Y. Oct. 2, 2002) ("The plaintiffs' motion to strike is granted, and these exhibits will not be considered in resolving the defendants' motions."); *In re Scholastic Sec. Litig.*, No. 97 Civ. 2447(JFK), 1998 WL 560052, at *1 (S.D.N.Y. Sept. 1, 1998) ("the Court grants Plaintiffs' motion to strike in its entirety"); *J/H Real Estate Inc. v. Abramson*, 901 F. Supp. 952, 955 (E.D. Pa. 1995) (rejecting 32 documents, including press releases, analyst reports, teleconference

transcripts, and news articles, because they "were not referred to or relied upon by the plaintiff in the complaint and [were] not public records").

Thus, the Court should reject Defendants' argument that the Motion to Strike is procedurally defective.[4]

### B. The Fraud on the Market Presumption Does Not Justify Defendants' Submission of the Challenged Documents

Despite the clear limitations imposed by the Second Circuit on what a district court may consider on a motion to dismiss (*see*, *e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)),[5] Defendants contend that, because Plaintiffs have invoked the "fraud on the market" presumption, "the proper scope of review on a motion to dismiss includes *all* information available to the market." Def. Mem. at 5 (emphasis added). Under the fraud on the market presumption, plaintiffs who purchased their stock at a price set by an efficient market need not prove the element of reliance. As the Supreme Court wrote in 1988, "Because most publicly available information is reflected in market price, an investor's reliance on any public material misrepresentations, therefore, may be presumed for purposes of a Rule 10b-5 action." *Basic Inc. v. Levinson*, 485 U.S. 224, 247 (1988).

Defendants do not explain how Plaintiffs' reliance on the fraud on the market presumption purportedly undermines the Second Circuit's well established rules for determining what may be considered on a motion to dismiss. If, as appears likely, Defendants submitted the challenged exhibits to try to establish a "truth on the market" defense, that effort must fail. Under the truth on the market "corollary" to the fraud on the market presumption, "a misrepresentation is immaterial if

---

[4] If the Court determines that it cannot strike the exhibits in question, Plaintiffs request that the Court disregard them in evaluating Defendants' motion to dismiss.

[5] *See generally* Plaintiffs' Memorandum of Law in Support of Motion to Strike ("Plaintiffs' Opening Memorandum") at 2-3.

- 4 -

the information is already known to the market because the misrepresentation cannot then defraud the market." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000). The Second Circuit has held, however, that "[t]he truth-on-the-market defense is intensely fact-specific and is rarely an appropriate basis for dismissing a §10(b) complaint for failure to plead materiality." *Id.*

Moreover, the fraud on the market presumption, which is invoked in virtually every securities fraud class action, was intended to make it *easier* for a plaintiff to establish securities fraud, not harder. As the Fifth Circuit has observed: "To ease this burden [of proving actual reliance] the Supreme Court, in *Basic v. Levinson*, recognized the securities fraud theory of fraud-on-the-market." *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 661 (5th Cir. 2004).

Tellingly, although the Supreme Court adopted the fraud on the market presumption more than twenty years ago, Defendants do not cite a single case from this Circuit holding that invocation of the presumption opens the door to any exhibit a defendant wishes to submit on a motion to dismiss. In the few cases of which Plaintiffs are aware from other circuits addressing this argument, most reject it. *See*, *e.g.*, *In re Cree, Inc. Sec. Litig.*, 333 F. Supp. 2d 461, 470 (M.D.N.C. 2004) (rejecting argument that "because Plaintiffs bring their claims pursuant to a 'fraud on the market' theory, the court may consider any information available to the market at the time of the alleged fraudulent misconduct"); *In re HealthSouth Corp. Sec. Litig.*, No. CV-98-J-2634-S, 2000 WL 34211319, at *8-9 (N.D. Ala. Dec. 13, 2000) (rejecting same argument).[6]

---

[6] In *HealthSouth*, the court distinguished *Padnes v. Scios Nova, Inc.*, No. C 95-1693 MHP, 1996 WL 539711 (N.D. Cal. Sept. 18, 1996). Although the court in *Padnes* did permit defendants to submit analyst reports not cited in the complaint, it did so in response to what the *HealthSouth* court characterized as the plaintiffs' "outright distortion" of the information available to the market. 2000 WL 34211319, at *9. The plaintiffs in *Padnes* made the "sweeping" – and demonstrably untrue – allegation that "'no analyst apprised the market of the material deficiencies in the design, conduct, and results of the Phase II study specified above.'" *Padnes*, 1996 WL 539711, at *9. In those egregious circumstances, the court permitted the submission of reports to the contrary. *See id.*

- 5 -

The only case Defendants cite to the contrary, *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 581-82 (E.D. Va. 2006) (*see* Def. Mem. at 7), relies on Fourth Circuit case law stating that "'[i]n securities fraud actions, courts will also examine the other information that was publicly available to reasonable investors at the time the defendants made statements plaintiffs alleged were fraudulent.'" *Arnlund v. Smith*, 210 F. Supp. 2d 755, 760 (E.D. Va. 2002) (quoted in *Iron Workers*, 432 F. Supp. 2d at 582). That observation is absolutely inconsistent with Second Circuit law, which has never held that, on a motion to dismiss, district courts may generally consider "information that was publicly available to reasonable investors." *Iron Workers*, 432 F. Supp. 2d at 582; *Arnlund*, 210 F. Supp. 2d at 760. To the contrary, the Second Circuit has held that, with certain exceptions, "the district court is normally required to look only to the allegations on the face of the complaint." *Roth*, 489 F.3d at 509 (setting forth the exceptions to the general rule); *see also* Plaintiffs' Opening Memorandum at 2-3.

Thus, Defendants cannot use Plaintiffs' reliance on the fraud on the market presumption to avoid the Second Circuit's well established rules for what a district court may consider on a motion to dismiss.

### C.     Exhibits A, E, I, K, Z, AA and BB Are Not Integral to the Complaint

Defendants argue that the Court may consider Exhibits A, E, I and K (conference call transcripts) and Exhibits A, AA and BB (analyst reports), even though they are not attached to the Complaint, incorporated therein by reference, or even cited therein, because they are purportedly "integral" to the Complaint. Def. Mem. at 6. Defendants are not correct that these exhibits are integral.

---

("plaintiffs cannot make a broad assertion of the absence of information which is contrary to known facts in order to resist a motion to dismiss and plunge the parties into lengthy and costly discovery").

- 6 -

The Second Circuit has held that a court may consider any document "'upon which [the complaint] *solely* relies and which is *integral to the complaint*,'" even if it is not attached to the complaint or incorporated by reference. *Roth*, 489 F.3d at 509 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); emphasis and brackets by *Roth* court). To be integral to the complaint, the complaint must "'***rel[y] heavily upon its terms and effect***.'" *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 68 (2d Cir. 2008) (emphasis added; quoting *Chambers v. Time Warner,Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)); *see also Chambers*, 282 F.3d at 153 ("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion. . . .") (emphasis in original).

In *Sahu*, the Second Circuit concluded that the documents at issue were not essential to the complaint ***even though they were referred to and/or quoted in the complaint***. *Sahu*, 548 F.3d at 68. Because the plaintiffs used the disputed documents in the complaint merely "to establish that the complaint's factual assertions [were] 'plausible,'" and not "to counter a possible future motion for summary judgment brought by the defendants," the Second Circuit concluded that they were not "'integral to the complaint.'" *Id.* The district court could not, therefore, consider those documents without converting the motion to a motion for summary judgment. *Id.* at n.2.

Here, by contrast, not only do Plaintiffs not attach or incorporate by reference any of the exhibits in question; they do not refer to, quote from, or rely on them in any way in the Complaint. Absent such reliance, those exhibits cannot have been integral to the Complaint, and therefore cannot be considered by this Court on Defendants' motion to dismiss, as *Roth*, *Chambers*, and *Sahu* clearly hold. *See*, *e.g.*, *Chambers*, 282 F.3d at 153 ("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion. . . .").

- 7 -

### D. Because the Disputed Exhibits Are Not Essential to the Complaint, the Court May Not Take Judicial Notice of Them

Defendants contend that the Court may consider the documents at issue because they are "properly subject to judicial notice." Def. Mem. at 7, 8, 9. As the case law discussed below indicates, the documents in question are *not* "properly subject to judicial notice." More importantly, the Second Circuit has held that, even if documents are otherwise subject to judicial notice, the court may consider them on a motion to dismiss *only* when they are "integral to a fraud complaint." *Roth*, 489 F.3d at 509. As discussed above, none of the disputed documents are integral to the Complaint. *See* Section II.C.

In *Roth*, the Second Circuit discussed, in detail, the circumstances in which a court in this Circuit may consider material extraneous to a complaint alleging fraud on a motion to dismiss. Significantly, the Court did not hold that district courts can consider *any* item that is a proper subject for judicial notice. Rather, it held that district courts may consider only those items that are subject to judicial notice *and* are "integral to [the] fraud complaint": "[W]here public records *that are integral to a fraud complaint* are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records." 489 F.3d at 509 (emphasis added). Here, as demonstrated in the previous section, the Court may not consider *any* of the documents in question, even if they otherwise qualify for judicial notice, because they are not "integral to the complaint": Plaintiffs did not refer to, quote from, or rely on them in any way in the Complaint. *See*, *e.g.*, *OPUS360*, 2002 WL 31190157, at *1 n.3 (granting plaintiffs' motion to strike certain documents, including articles, because they were "not integral to the plaintiffs' claims, relied on by them, or attached to or incorporated by reference in the [complaint]"); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 409 (S.D.N.Y. 2005) (declining to take judicial notice of documents submitted by defendants that were not "cited or referenced in the Complaint").

Moreover, even if the Court were to find that they were integral to the Complaint, the disputed documents – conference call transcripts (Exhibits A, E, I, K, and HH), press releases (Exhibit II and JJ), analyst reports (Exhibits Z, AA, and BB), and academic articles (Exhibit MM) – are not proper subjects for judicial notice. *See In re OSI Pharms., Inc. Sec. Litig.*, No. 2:04-CV-05505 (JS) (WDW), slip op. at 15 (E.D.N.Y. Mar. 31, 2007) ("The Court will not consider [the conference call transcript]. Aside from the fact that this document was not referenced in the Complaint, it is not a proper subject for judicial notice. It is not a matter of public record like an SEC filing.");[7] *Bausch & Lomb*, 2003 WL 23101782, at *17 ("Clearly, the transcript is not . . . a matter of which the Court may take judicial notice."); *J/H Real Estate*, 901 F. Supp. at 955 (rejecting 32 documents, including press releases, analyst reports, teleconference transcripts, and news articles, because they "were not referred to or relied upon by the plaintiff in the complaint and [were] not public records"); *OSI Pharms.*, slip op. at 15 ("The Court will not consider the press releases of other companies."); *U.S. v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 456 (E.D.N.Y. 2007) (disregarding press release on motion to dismiss and observing: "The scant Second Circuit authority on this point suggests that press releases are not subject to judicial notice") (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)); *OPUS360*, 2002 WL 31190157, at *1 n.3 (striking articles).

Finally, even if the Court determines that it may take judicial notice of and consider the documents in question, it can do so ***not*** for the truth of the matter set forth therein, but only to establish what statements they contained. *See*, *e.g.*, *Roth*, 489 F.3d at 509 ("If the court takes

---

[7] *OSI Pharmaceuticals* is submitted in Plaintiffs' Compendium of Unreported Authorities in Support of Their Motion to Strike, and in Opposition to Defendants' Motion to Dismiss (Docket No. 61).

judicial notice, it does so in order 'to determine *what* statements [they] contained' – '*again not for the truth of the matters asserted*.'") (quoting *Kramer*, 937 F.2d at 774; emphasis and brackets by *Roth* court). In the case of articles, courts that have taken judicial notice have done so solely for the fact of their publication and not for the truth of the matters asserted therein. *See*, *e.g.*, *In re Salomon Analyst Winstar Litig.*, No. 02 Civ. 6171 (GEL), 2006 WL 510526, at *4 n.6 (S.D.N.Y. Feb. 28, 2006) ("It should be emphasized, of course, that the Court does not accept the articles as evidence of the truth of the matters therein asserted. The Court takes judicial notice only of the fact that the articles were published. . . .").

### III. CONCLUSION

For the foregoing reasons, as well as the reasons given in Plaintiffs' Opening Memorandum of Law, Plaintiffs respectfully request that the Court grant their motion to strike in its entirety.

DATED: April 30, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
MARK T. MILLKEY

*/s/ Robert M. Rothman*
ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

*Lead Counsel for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Robert M. Rothman*
ROBERT M. ROTHMAN
