UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re ELAN CORPORATION SECURITIES      :   Master File No. 1:08-cv-08761-AKH
LITIGATION                                                  :
                                                            :
------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER TO REMOVE TYNE & WEAR PENSION FUND AS LEAD PLAINTIFF

SHEARMAN & STERLING LLP
Jaculin Aaron
599 Lexington Avenue
New York, New York 10022-6069
Tel: (212) 848-4000
Fax: (212) 848-7179

*Counsel for Defendants*
*Elan Corporation, plc, G. Kelly Martin, and*
*Lars Ekman*

Defendants Elan Corporation, plc, G. Kelly Martin, and Lars Ekman (collectively, the "Defendants") submit this memorandum of law in support of Defendants' motion for an order to remove Tyne & Wear Pension Fund ("Tyne & Wear") as the lead plaintiff in this action. Accompanying this memorandum is the Declaration of Jaculin Aaron ("Aaron Decl.") and attached exhibits.

## INTRODUCTION

Defendants bring this motion to remove lead plaintiff Tyne & Wear based on the Supreme Court's June 24, 2010 decision in *Morrison v. National Australia Bank Limited*, 130 S. Ct. 2869 (2010), holding that "foreign-cubed" plaintiffs cannot bring a claim under Sections 10 and 20 of the Securities Exchange Act of 1934.  As the Court found in its May 8, 2009 order appointing Tyne & Wear as lead plaintiff, Tyne & Wear is a foreign entity purporting to sue a foreign corporation (Elan Corporation, plc) based on its purchase of securities on a foreign exchange.  In their September 16, 2010 letter to the Court, plaintiffs did not dispute these facts or the conclusion that, pursuant to *Morrison*, Tyne & Wear does not have any claim or interest in the outcome of this action and is thus not a proper lead plaintiff.

Defendants are aware that issues relating to the selection and suitability of a lead plaintiff are primarily matters for the plaintiffs and the Court.  Plaintiffs, however, made clear in their letter of September 16, 2010 that they do not intend to address this issue and appear to take the position that it is not necessary to have a proper lead plaintiff during the motion to dismiss stage of this purported class action.  Defendants do have an interest in the observance of the required class action procedures and, accordingly, have brought this motion so that the matter may be appropriately determined by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

This purported class action is brought pursuant to Sections 10 and 20 of the Securities Exchange Act of 1934.  The first complaint in this action was filed against the Defendants on

1

October 14, 2008.  After extensive briefing, this Court appointed Tyne & Wear as the lead plaintiff in its order of May 8, 2009 (the "May 8, 2009 Order").  Aaron Decl. Ex. C.  In the May 8, 2009 Order, the Court found that Tyne & Wear is an English municipal pension fund bringing suit against an Irish corporation based on its purchase of securities on the Dublin Exchange.  *See id.* at 4.  The Court concluded that, based on then-existing Second Circuit precedent, Tyne & Wear nonetheless could have a claim under the securities laws and was a proper lead plaintiff.  *See id.*  Tyne & Wear is the sole lead plaintiff.

On August 17, 2009, plaintiffs filed a consolidated amended complaint (the "Complaint"), with an individual plaintiff, Plumbers & Steamfitters Local 773 Pension Fund ("Plumbers & Steamfitters"), as named plaintiff.  On December 11, 2009, Defendants filed a motion to dismiss the Complaint, which is scheduled for oral argument on October 12, 2010.

On June 24, 2010, the United States Supreme Court decided *Morrison v. National Australia Bank Limited*, 130 S. Ct. 2869 (2010).  On June 25, 2010, counsel for the Defendants contacted counsel for Tyne & Wear in order to alert them to the fact that Tyne & Wear did not appear to have a claim based on the recent decision in *Morrison* and to ask them what their position and plans were with respect to this issue.  Aaron Decl. ¶ 2.  Although Tyne & Wear's counsel repeatedly advised that they would respond shortly, they did not do so (*id.* ¶¶ 3 - 8), and Defendants' counsel advised the Court of the issue by letter on August 23, 2010.  Aaron Decl. ¶9; Ex. A.  On the same day, plaintiffs' counsel sent the Court a letter requesting an adjournment of the hearing on the motion to dismiss (then scheduled for August 31, 2010) and stating that they would respond to Defendants' letter shortly.  Aaron Decl. ¶ 9.

On September 16, 2010, Tyne & Wear's counsel sent a letter to the Court stating that the Court need not "now" address whether Tyne & Wear was a proper lead plaintiff.  Aaron Decl. Ex. B.  The letter did not dispute any of the facts found in the Court's May 8, 2009 Order and did not provide any factual or legal reason why *Morrison* would not apply to bar a claim by Tyne & Wear.  *See id.*  Plaintiffs' letter suggested that the Court should instead focus on the pending motion to dismiss.  *See id.*  Plaintiffs also stated that plaintiff Plumbers & Steamfitters had

2

bought its securities on the New York Stock Exchange. *Id.* However, the letter did not acknowledge that Plumbers & Steamfitters is not a lead plaintiff and it did not suggest that Plumbers & Steamfitters was qualified, or even that it proposed, to be the lead plaintiff. *See id.*

## ARGUMENT

The Private Securities Litigation Reform Act ("PSLRA") provides that a court "shall appoint as lead plaintiff the member … of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members" – in other words, "the most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(i). Specifically, the PLSRA requires "that the lead plaintiff have the largest financial interest in the relief sought" and "that the lead plaintiff otherwise meets the requirements of Rule 23" by making a "preliminary showing that the Rule's typicality and adequacy requirements have been satisfied." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 120-21 (S.D.N.Y. 2002). Courts have "a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007); *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 114 (S.D.N.Y. 2009). Accordingly, courts have the "ability to consider motions to disqualify, remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action." *In re NYSE Specialists*, 240 F.R.D. at 132-33.[1]

---

[1] Courts have concluded that defendants may be heard on these issues. *See In re Terayon Comm. Sys., Inc.*, No. C 00-01967, 2004 WL 413277, at *7 (N.D. Cal. Feb. 23, 2004) (concluding that court should consider material presented by defendants regarding the fitness of a lead plaintiff to continue in that role); *In re Herley Indus. Inc. Sec. Litig.*, No. 06-CV-2596, 2010 WL 176868, at *2 (E.D. Pa. Jan. 15, 2010) (noting that several courts "have asserted—or at least presumed—defendants possess a right to challenge the substitution of a lead plaintiff," and stating that "[g]iven the potential for prejudice to defendants when lead plaintiffs are substituted after years of litigation … defendants may challenge the replacement of a lead plaintiff"); *In re Impax Lab., Inc. Sec. Litig.*, No. C 04-04802 JW, 2008 WL 1766943, at *6 (N.D. Cal. Apr. 17, 2008) (assuming that defendants had standing to move to dismiss lead plaintiff based on its lack of standing in connection with defendants' motion to reconsider court's order denying their motion to dismiss).

In its May 8, 2009 Order, this Court found Tyne & Wear was the "most adequate plaintiff" under the PSLRA and could bring a claim under Section 10(b) despite being a foreign entity that purchased stock of a foreign company on a foreign exchange – a so-called "foreign-cubed" plaintiff – based on the Second Circuit's decision in *Morrison v. National Australia Bank Limited*, 547 F.3d 167 (2d Cir. 2009). Aaron Decl. Ex. C at 4. On June 24, 2010, the Supreme Court effectively reversed the Second Circuit's determination, holding that Section 10(b) does not provide a cause of action to "foreign-cubed" plaintiffs. *Morrison v. Nat. Austrl. Bank Ltd.*, 130 S. Ct. 2869, 2888 (2010).

Plaintiffs' letter of September 16, 2010 was their first substantive response regarding the issue of the adequacy of Tyne & Wear as lead plaintiff in light of *Morrison*. In that letter, plaintiffs do not dispute the facts found by the Court in its May 8, 2009 Order and do not dispute that *Morrison* would bar any claim by Tyne & Wear. Instead, plaintiffs' letter attempts to avoid the issue, by arguing that "the Complaint will not stand or fall on where Tyne & Wear purchased its securities, and the Court need not address that question now." Aaron Decl. Ex. B. If plaintiffs have some concrete reason why *Morrison* would not apply to bar Tyne & Wear's claim, they should have explained what it is. If they do not (as appears to be the case), they should have been forthright in acknowledging that fact.

In light of these circumstances, Tyne & Wear is not a proper lead plaintiff. Tyne & Wear not only is not the "most adequate plaintiff," it is not even a member of any purported plaintiff class. *See In re Nutrisystem, Inc. Sec. Litig.*, 653 F. Supp. 2d 563, 580 (E.D. Pa. 2009) ("a class action plaintiff must establish its own standing as a purchaser or seller of securities in order to represent the claims of other class members"); *City of Roseville Emps. Ret. Sys. v. Horizon Lines, Inc.*, No. CIV.A.08-969, 2010 WL 1994693, at *12 (D. Del. May 18, 2010) (where "a lead plaintiff seeks to represent a class, we must inquire 'whether the lead plaintiff individually has standing, not whether or not other class members have standing'") (*citing Winer Family Trust v. Queen*, 503 F.3d 319, 326 (3d Cir. 2006)). Tyne & Wear appears to have no financial interest in this action and cannot satisfy the adequacy and typicality requirements of the PSLRA and Rule

4

23 of the Federal Rules of Civil Procedure. *See In re SLM Corp. Sec. Litig.*, 258 F.R.D. at 116 (holding that Second Circuit's determination that investment advisors lack Article III standing under Section 10(b) rendered inadequate the current lead plaintiff, an investment advisor, such that a new lead plaintiff would need to be appointed); *In re IMAX Sec. Litig.*, No. 06-CIV-6128, 2009 WL 1905033 at *2 (S.D.N.Y. June 29, 2009) (same).

It is "part of a lead plaintiff's responsibility to propose [its] own withdrawal and substitution should it be discovered that [it] may no longer adequately represent the interests of the purported class." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. at 134. Tyne & Wear has failed to fulfill this responsibility, even though it has had ample opportunity to consider the issue and take appropriate action. Moreover, the September 16, 2010 letter from plaintiffs' counsel to the Court shows that their proposed course of action is to ignore the absence of a proper lead plaintiff and proceed without one. Plaintiffs' clear failure to take appropriate action with respect to the inadequacy of the lead plaintiff has unfortunately necessitated this motion by the Defendants.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court enter an order removing Tyne & Wear as lead plaintiff.

Dated:  New York, New York                Respectfully submitted,
        September 27, 2010

                                          SHEARMAN & STERLING LLP

                                   BY:    s/ Jaculin Aaron
                                          Jaculin Aaron
                                          599 Lexington Avenue
                                          New York, New York 10022-6069
                                          Tel: (212) 848-4000
                                          Fax: (212) 848-7179
                                          *Counsel for Defendants
                                          Elan Corporation, plc, G. Kelly Martin,
                                          and Lars Ekman*

5

**CERTIFICATE OF SERVICE**

      I, Jaculin Aaron, hereby certify that on September 27, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

                                                   s/ Jaculin Aaron
                                                   Jaculin Aaron